ANTHONY E. JAMES *v.* COMMISSIONER
OF CORRECTION
(AC 22226)

Schaller, West and Dupont, Js.

14

Submitted on briefs September 18—officially released December 10, 2002

*Joseph Visone* filed a brief for the appellant (petitioner).

*John A. Connelly*, state's attorney, *John A. East III*, assistant state's attorney, and *Maureen M. Keegan*, supervisory assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

WEST, J. The petitioner, Anthony E. James, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly concluded that he was not prejudiced by the failure of his trial counsel to object to the admission of certified copies of the petitioner's previous arrest records during the prosecution's rebuttal case at his criminal trial. The habeas court concluded that the trial court's ruling on admissibility would have been upheld on appeal. The petitioner's claim, therefore, requires this court to determine whether the state properly may introduce, for the first time, evidence of a criminal defendant's prior convictions to impeach his credibility during the state's rebuttal case, having failed to do so during cross-exami-

nation of the defendant. We affirm the judgment of the habeas court.

The court found the following facts. On May 25, 1994, the petitioner was convicted, following a jury trial, of felony murder in violation of General Statutes § 53a-54c and burglary in the third degree in violation of General Statutes § 53a-103. The trial court sentenced the petitioner to a total effective term of fifty years imprisonment. On appeal, our Supreme Court affirmed the judgment of conviction. *State* v. *James*, 237 Conn. 390, 678 A.2d 1338 (1996).

The sole evidence linking the petitioner to the crimes was a written confession that he provided to the Waterbury police on January 15, 1993. The defense sought to establish that the confession was not voluntary because it allegedly was obtained through coercion. The credibility of the petitioner as it related to the circumstances surrounding his confession, therefore, was a central issue at trial. Prior to the commencement of testimony, the state's attorney notified defense counsel and the court that the state intended to introduce certified copies of several of the petitioner's out of state convictions as impeachment evidence if he chose to testify. The defense counsel objected to the introduction of the previous convictions on the grounds of remoteness and because their prejudicial effect outweighed their probative value. The court overruled that objection, but indicated that evidence of the convictions should not include references to the specific underlying offenses or sentences. Although the petitioner did testify on his behalf, the state failed to raise the prior convictions during its cross-examination of him.

Following the close of the petitioner's case-in-chief, the court held a chambers conference with counsel. At that conference, the prosecutor declared the state's intention to present the prior convictions during its

rebuttal case. The defense attorney renewed her earlier objection concerning the prejudicial impact of the evidence and also objected to the use of such evidence on rebuttal. The court agreed with the state that the prior convictions were proper for use on rebuttal.

During the state's rebuttal, when the state's attorney sought to introduce the prior convictions to impeach the defendant's testimony, the defense again objected. The defense did not, however, in open court, raise the objection that the convictions constituted improper rebuttal evidence. Rather, counsel objected to the evidence only on the ground that due to its remoteness, the probative value of the evidence was outweighed by its prejudicial impact. During her testimony at the habeas trial, defense counsel conceded that she had forgotten also to object to the use of the evidence by the state in rebuttal rather than during the cross-examination of the petitioner.

On July 13, 2000, the petitioner filed an amended petition for a writ of habeas corpus, alleging ineffective assistance of trial counsel. On July 6, 2001, following a full hearing and the submission of posthearing briefs by the parties, the habeas court issued a written memorandum of decision denying the petition. This appeal followed.

The standard of review for a habeas court's denial of a petition for a writ of habeas corpus based on ineffective assistance of counsel is well settled. "To prevail on a claim of ineffective assistance of counsel, a habeas petitioner generally must set forth evidence establishing two elements. First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense. *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). . . . To establish prejudice, a defendant must demon-

strate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Citations omitted; internal quotation marks omitted.) *Ramos* v. *Commissioner of Correction*, 67 Conn. App. 654, 665, 789 A.2d 502, cert. denied, 260 Conn. 912, 796 A.2d 558 (2002).

The standard of review of a habeas court's judgment is equally well established. "In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Jackson* v. *Commissioner of Correction*, 68 Conn. App. 190, 192, 791 A.2d 588, cert. denied, 260 Conn. 910, 795 A.2d 544 (2002). In reviewing whether the trial court's admission of evidence was proper, our inquiry must focus on whether the court abused its discretion in allowing the challenged evidence to be presented during rebuttal rather than during the cross-examination of the petitioner. See *State* v. *Sauris*, 227 Conn. 389, 410–11, 631 A.2d 238 (1993).

In the present case, the habeas court found that although the performance of the petitioner's counsel fell below an objectively reasonable standard, the outcome of the trial was not affected by that performance.[1] In coming to that conclusion, the court reasoned that in light of the trial court's indication that it would allow

[1] The respondent challenges the court's conclusion that the performance of the petitioner's trial counsel was deficient. Because the second prong of *Strickland* is dispositive of that issue, however, we decline to review the court's conclusion with respect to the first prong of the analysis. We note, however, that the court was aware that the petitioner had claimed that the convictions could not be used on rebuttal and faulted defense counsel only because she did not, in open court, raise that issue for appellate review.

the evidence, the only consequence of counsel's failure to object to the admission of the proffered impeachment evidence on the ground that it constituted improper rebuttal evidence was the failure to preserve that claim for appeal. The habeas court then concluded that even if the issue had been preserved for appeal, the admission of the evidence would have been upheld on appeal. The petitioner argues, on the contrary, that on appeal, the evidence would have been ruled inadmissible. Because that issue goes to the very heart of the court's conclusion that the defendant failed to satisfy the second prong of *Strickland,* we are compelled to resolve the matter. The sole question, then, is whether *Sauris,* which allowed a trial court to exercise its discretion to admit evidence of prior convictions of a prosecution witness for impeachment purposes during the defendant's rebuttal, should be extended to allow impeachment of a defense witness, in this case, the petitioner himself, during the state's rebuttal.

"Rebuttal evidence is that which is offered 'to meet new matters raised in [a defendant's case], to contradict prior testimony and to impeach or rehabilitate witnesses . . . .' C. Tait & J. LaPlante, Connecticut Evidence (2d Ed. 1988) § 3.3.1, p. 40." *State* v. *Turner,* 252 Conn. 714, 723, 751 A.2d 372 (2000). The admission of rebuttal evidence lies within the discretion of the trial court. "The issue on appeal is not whether any one of us, sitting as the trial court, would have permitted the disputed testimony to be introduced. The question is rather whether the trial court . . . abused its discretion in . . . allowing the rebuttal testimony . . . ." (Internal quotation marks omitted.) *Gomeau* v. *Gomeau,* 242 Conn. 202, 209, 698 A.2d 818 (1997).

In reaching its conclusion on the harmlessness of the admission, the habeas court relied on *State* v. *Sauris,* supra, 227 Conn. 411–12. In that case, our Supreme Court declined to adopt the federal rule governing

impeachment by proof of conviction, which limits the offer of such evidence to the cross-examination of the witness. Id., 411. As the petitioner correctly notes in his brief, the factual scenario facing the court in *Sauris* was the inverse of that involved in the present appeal.

In *Sauris*, it was the defendant who sought the admission of evidence of prior crimes to impeach a prosecution witness. We conclude, however, that the reasoning behind the court's conclusion is equally applicable when the evidence is introduced by the prosecution to impeach a defendant testifying on his behalf. As our Supreme Court explained, the party against whom the impeachment evidence was to be introduced could have raised the prior convictions preemptively during the witness' direct testimony, thereby softening the impact of the evidence. Id., 412. In the alternative, that party could have requested surrebuttal to rehabilitate the impeached witness.[2] Id.

We are mindful that a criminal defendant has the benefit of certain fundamental constitutional rights, including the right to confront witnesses and the privilege against self-incrimination. Although the *Sauris*

---

[2] The Supreme Court in *Sauris* articulated its reasoning as follows: "The state's argument that it would have been prejudiced by the admission of the documentary evidence of the conviction at the end of the defense case is unpersuasive. The state had the opportunity to make the jury aware of the conviction during [the witness'] direct examination. Furthermore, our rules of criminal procedure would not have precluded the state from requesting further rebuttal to rehabilitate [the witness] or prohibited the trial court from exercising its discretion to grant such a request. Practice Book § 874 [now § 42-35], which establishes the order of procedure in a criminal trial provides in subsection (3) that '[t]he prosecuting authority and the defendant may present rebuttal evidence in successive rebuttals, as required' unless the trial court 'for cause' permits otherwise. . . . The state is allowed to rehabilitate a witness whose credibility has been impeached by a prior conviction by allowing that witness to explain the circumstances underlying the prior conviction . . . and may rebut such evidence by other evidence." (Citations omitted.) *State* v. *Sauris*, supra, 227 Conn. 411–12.

court referenced a defendant's constitutional right of confrontation in support of its ruling, the court's analysis makes it clear that the right of confrontation was not the sole, or even the most persuasive, rationale for its holding. We are not convinced that the propriety of allowing impeachment evidence on rebuttal should be restricted to the defendant. Indeed, the court's rationale regarding the lack of prejudice arising from the introduction of impeachment evidence during rebuttal applies equally where the evidence is introduced by the defense or by the prosecution.

The petitioner argues that the introduction of impeachment evidence against him during the prosecution's rebuttal case impinged on his fifth amendment right to be free from self-incrimination by placing him in the untenable position of having to choose either to exercise that right and to allow the impeachment evidence to go unchallenged or to abandon that right in order to rehabilitate his previous testimony. We are unpersuaded.

Although it is axiomatic that a criminal defendant possesses a privilege against self-incrimination, that privilege is not absolute. When the defendant takes the witness stand in his behalf, he waives the privilege and places himself on an equal footing with any other witness. *Brown* v. *United States*, 356 U.S. 148, 154, 78 S. Ct. 622, 2 L. Ed. 2d 589 (1958) (if defendant "testifies in his own defense, his credibility may be impeached and his testimony assailed like that of any other witness"); *Fitzpatrick* v. *United States*, 178 U.S. 304, 314–16, 20 S. Ct. 944, 44 L. Ed. 1078 (1900); *Brown* v. *Walker*, 161 U.S. 591, 597–98, 16 S. Ct. 644, 40 L. Ed. 819 (1896).

In the present case, the petitioner, having testified previously, opened the door to the introduction of the prior convictions as impeachment evidence. See *Spencer* v. *Texas*, 385 U.S. 554, 561, 87 S. Ct. 648, 17 L. Ed.

2d 606 (1967) (evidence of prior crimes admissible to impeach defendant's credibility); *State* v. *Turner*, supra, 252 Conn. 723 (introduction of impeachment evidence proper on rebuttal). We see no reason to treat the petitioner in a manner different from any other witness during the rebuttal stage of the proceedings.

Our conclusion is bolstered by the fact that the petitioner was aware, prior to testifying, both that the prosecution intended to offer the challenged impeachment evidence and that the court had ruled preliminarily that such evidence was admissible. Thus, the petitioner had fair notice of the impeachment evidence to be presented and decided to testify regardless. See, e.g., *State* v. *Sauris*, supra, 227 Conn. 412. We cannot conclude that under that circumstance, the petitioner was unduly prejudiced by the introduction of evidence to which he willingly had exposed himself.

The petitioner also argues that it would be unfair to require him to retake the witness stand to rehabilitate his credibility because that action would expose him to additional questioning by the prosecution. We find that argument unpersuasive. We note that the prosecution could have introduced the impeachment evidence during its cross-examination of the petitioner and that he would have been required to respond to that evidence. Even if we assume that the convictions were a legitimate area of inquiry for the prosecution, it is not apparent how the timing of that inquiry produces the unfairness of which the petitioner now complains. Once a criminal defendant chooses to testify during the surrebuttal portion of the trial, the issues open to inquiry are circumscribed by the evidence introduced during the preceding rebuttal. See *State* v. *Turner*, supra, 252 Conn. 723–24. The petitioner's exposure to questioning

while testifying would, therefore, be limited accordingly.[3]

The petitioner also argues that allowing impeachment evidence after the close of the defense case places him at a disadvantage because the trial court has the discretion to allow surrebuttal. The petitioner foresees a situation in which the prosecution introduces impeachment evidence against him during its rebuttal case, but he is denied the opportunity to present surrebuttal evidence to address the prosecution's evidence. It is true that "there is no constitutional right to present surrebuttal evidence. . . . The presentation of surrebuttal evidence is a matter resting squarely within the discretion of the trial court. . . . The defendant must demonstrate some compelling circumstance and the proffered evidence must be of such importance that its omission puts in doubt the achievement of a just result." (Internal quotation marks omitted.) Id., 724. Thus, the petitioner bears the burden of persuasion that surrebuttal is warranted. Where a criminal defendant is able to present a valid sixth amendment confrontation clause claim, however, we find it unlikely that a court would deny him the opportunity to address impeachment evidence during surrebuttal. Cf. *State* v. *Kellman*, 56 Conn. App. 279, 287, 742 A.2d 423 (defendant denied surrebuttal where he failed to show surrebuttal necessary to protect his due process rights), cert. denied, 252 Conn. 939, 747 A.2d 4 (2000); *State* v. *Cavell*, 34 Conn. App. 276, 284–89, 641 A.2d 426 (1994) (denial of defendant's motion to present surrebuttal evidence based on lack of injustice reaching constitutional proportions), aff'd, 235 Conn. 711, 728–31, 670 A.2d 261 (1996) (surrebuttal denied based on failure of defendant's offer of proof to adequately address rebuttal evidence). Moreover, our

---

[3] A criminal defendant, of course, may elect not to take the witness stand a second time to address the impeachment evidence if that appears to be the more sound trial strategy.

Supreme Court has intimated that a particular solicitude may be appropriate in allowing the rehabilitation of a witness whose credibility has been impeached by a prior conviction.[4] See *State* v. *Sauris*, supra, 227 Conn. 412.

For the foregoing reasons, we conclude that the trial court did not abuse its discretion in admitting the prosecution's rebuttal evidence regarding the petitioner's out of state convictions. As a consequence, we agree with the habeas court's conclusion that the admission of that evidence would have survived appellate review and, accordingly, that the result of the proceeding would not have been different absent the failure of the petitioner's trial counsel to object to that evidence as improper rebuttal.

The judgment is affirmed.

In this opinion the other judges concurred.

[4] In the case before us, however, the petitioner did not seek the opportunity to refute the state's rebuttal evidence. The court, therefore, had no occasion to decide the issue of whether the circumstances warranted surrebuttal. Accordingly, we decline to speculate whether, under the circumstances of this case, it would have been an abuse of the court's discretion to deny surrebuttal had it been requested.

