JUAN PEREZ *v.* COMMISSIONER OF CORRECTION
(AC 23630)

Schaller, DiPentima and McLachlan, Js.

Submitted on briefs September 19—officially released October 28, 2003

*James M. Fox*, special public defender, filed a brief for the appellant (petitioner).

*James E. Thomas*, state's attorney, *James M. Ralls*, assistant state's attorney, and *Herbert E. Carlson, Jr.*, senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Juan Perez, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. The court granted the petition for certification to appeal filed by the petitioner. On appeal, the petitioner claims that his trial counsel provided ineffective assistance by failing to ensure that his plea of guilty to murder in violation of General Statutes § 53a-54a (c) was voluntary.[1] We affirm the judgment of the habeas court.

The court found the following facts that are relevant to the petitioner's appeal. The petitioner previously had been convicted of assault on his wife, the victim in this case, and a protective order had been issued requiring him to stay away from her. The petitioner and the victim had been married since 1976 and had three children. Several days before the event that gave rise to the petitioner's conviction, the petitioner had a conversation with a male friend who admitted to him that he was having an affair with the victim. On January 28, 1989, the petitioner went to the apartment where his wife and children lived. He confronted the victim, who admitted that she was having an affair with the petitioner's friend. The petitioner told the children to say goodbye to their mother and to go outside. He then stabbed the victim twenty-one times, causing her death. The petitioner left the scene and drove to Hartford, where he turned himself into the police. He subsequently gave a written statement to members of the New Britain police department, confessing to the murder.

The petitioner was arrested and charged with murder and other crimes. On July 16, 1990, he pleaded guilty to murder with the right to argue for less than the forty years incarceration that the state would recommend

---

[1] The petitioner pleaded guilty pursuant to the *Alford* doctrine. See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

that the trial court impose. The petitioner was sentenced to thirty-eight years in the custody of the respondent commissioner of correction on September 27, 1990.

On March 27, 2000, the petitioner filed a petition for a writ of habeas corpus and filed an amended petition on May 9, 2001. In his petition, he alleged that his counsel had rendered ineffective assistance by failing to consider the defense of extreme emotional distress and the mitigating effects of intoxication on the element of intent to commit murder. Following a hearing on October 30 and 31, 2001, the court denied the petition, concluding, in part, that the petitioner was not a credible witness, as his testimony conflicted with the evidence contained in exhibits and the testimony of credible witnesses.

The court also found that the petitioner's claim that his counsel failed to investigate the defense of extreme emotional distress lacked merit, as the petitioner had been evaluated by a psychologist and a psychiatrist whose reports did not mention extreme emotional distress. The court also found that the crime was premeditated. On the basis of the testimony offered by individuals who saw and who spoke with the petitioner on the day of the crime and at the time of his confession, he was not intoxicated. On the basis of its factual findings, the court concluded that the petitioner had failed to prove that his counsel's assistance was ineffective or that there was a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. See *Strickland* v. *Washington*, 446 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

"The standard of review of a habeas court's denial of a petition for a writ of habeas corpus based on ineffective assistance of counsel is well settled. To prevail

on a claim of ineffective assistance of counsel, a habeas petitioner generally must . . . show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense. [Id., 687]. . . . To establish prejudice, a defendant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *James* v. *Commissioner of Correction*, 74 Conn. App. 13, 16–17, 810 A.2d 290 (2002), cert. denied, 262 Conn. 946, 815 A.2d 675 (2003). "For ineffectiveness claims resulting from guilty pleas, we apply the standard set forth in *Hill* v. *Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), which modified *Strickland*'s prejudice prong. . . . To satisfy the prejudice prong, the petitioner must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. [Id., 59] . . . ." (Citation omitted; internal quotation marks omitted.) *State* v. *Lopez*, 77 Conn. App. 67, 80 n.17, 822 A.2d 948, cert. granted on other grounds, 265 Conn. 903, 829 A.2d 421 (2003).

"Generally, [t]he conclusions reached by the [habeas] court in its decision to dismiss the habeas petition are matters of law, subject to plenary review. . . . Thus, [w]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record. . . . In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Citation omitted; internal

quotation marks omitted.) *Tabone* v. *Commissioner of Correction*, 79 Conn. App. 71, 75, 829 A.2d 112 (2003).

On the basis of our review of the parties' briefs and the record of the habeas trial, we conclude that the findings of the court are supported by the facts that appear in the record and are not clearly erroneous. Furthermore, we conclude that the court's conclusion that the petitioner was not deprived of his constitutional right to the effective assistance of counsel was legally and logically correct.

The judgment is affirmed.