## ROBERT B.[1] *v.* COMMISSIONER OF CORRECTION (AC 24802)

Foti, Flynn and McLachlan, Js.

Submitted on briefs September 16—officially released October 26, 2004

---

[1] In accordance with General Statutes § 54-86e, as amended by Public Acts 2003, No. 03-202, § 15, and this court's policy of protecting the privacy interests of victims in sexual abuse matters, we decline to identify the victim by name or others through whom the victim's identity may be ascertained.

*James M. Fox,* special public defender, filed a brief for the appellant (petitioner).

*Kevin T. Kane,* state's attorney, and *Theresa Anne Ferryman,* senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Robert B., appeals from the judgment of the habeas court dismissing his amended petition for a writ of habeas corpus. The court granted the petition for certification to appeal. The petitioner claims that the court improperly failed to conclude that his attorneys provided ineffective assistance by failing to ensure that his pleas of guilty to two counts of risk of injury to a child, in violation of General Statutes (Rev. to 1999) § 53-21 (2), were voluntary.[2] We affirm the judgment of the habeas court.

The court's dismissal of the petition for a writ of habeas corpus was predicated on a factual review rejecting the petitioner's claims that, but for the ineffective assistance of counsel, he would not have entered guilty pleas, but would have gone to trial, the outcome of which would have been more favorable to him.

"The standard of review for a habeas court's denial of a petition for a writ of habeas corpus based on ineffective assistance of counsel is well settled. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner generally must . . . show that counsel's performance was deficient . . . [and] that the deficient performance prejudiced the defense." (Internal quotation marks omitted.) *James* v. *Commissioner of Correction,* 74 Conn. App. 13, 16, 810 A.2d 290 (2002), cert. denied, 262 Conn. 946, 815 A.2d 675 (2003). "For ineffec-

[2] Those two counts arose out of two different cases, and the petitioner was represented by different attorneys in each case. His guilty pleas, however, were entered simultaneously.

tiveness claims resulting from guilty pleas, we apply the standard set forth in *Hill* v. *Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) . . . . To satisfy the prejudice prong, the petitioner must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. . . . A reasonable probability is a probability sufficient to undermine confidence in the outcome. . . . A different result must be sufficiently probable to undermine confidence in the actual outcome." (Citation omitted; internal quotation marks omitted.) *Hernandez* v. *Commissioner of Correction*, 82 Conn. App. 701, 706, 846 A.2d 889 (2004).

"Generally, [t]he conclusions reached by the [habeas] court in its decision to dismiss the habeas petition are matters of law, subject to plenary review. . . . Thus, [w]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record. . . . In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Citation omitted; internal quotation marks omitted.) *Tabone* v. *Commissioner of Correction*, 79 Conn. App. 71, 75, 829 A.2d 112 (2003).

On the basis of our review of the parties' briefs and the record of the habeas trial, we conclude that the findings of the court are supported by the facts that appear in the record and are not clearly erroneous. Furthermore, we conclude that the court's legal conclusion that the petitioner was not deprived of his constitutional right to the effective assistance of counsel was legally and logically correct. The court had before it

sufficient evidence to find as it did and, accordingly, it properly rejected the petitioner's claims.

The judgment is affirmed.