******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

THOMAS G. GIUCA *v.* COMMISSIONER OF
CORRECTION
(AC 37508)

Beach, Mullins and Lavery, Js.*

*Argued October 26, 2016—officially released March 21, 2017*

(Appeal from Superior Court, judicial district of
Tolland, Sferrazza, J.)

*Douglas H. Butler*, assigned counsel, for the appellant (petitioner).

*Jennifer F. Miller*, deputy assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, *Emily Graner Sexton*, special deputy assistant state's attorney, and *Jo Anne Sulik*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Thomas G. Giuca, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. The petitioner claims that the court improperly denied his petition for a writ of habeas corpus by concluding that he failed to establish that his mental state at the time of his guilty plea rendered his plea involuntary, unknowing, and unintelligent in violation of the federal due process clause.[1] We affirm the judgment of the habeas court.

The following facts, as found by the habeas court, and procedural history are relevant to this appeal. In August, 1977, the petitioner was charged with murder. At that time, the petitioner had unrelated sexual assault charges pending against him in other files. During the murder trial, defense counsel raised the defenses of insanity and extreme emotional disturbance. In February, 1979, following a trial, the jury found the petitioner guilty of murder. Following the guilty verdict and prior to sentencing, defense counsel and the prosecutor learned of possible jury misconduct. In light of the possibility of a retrial and the jury's rejection of the defenses, the prosecutor and the petitioner negotiated a plea bargain, which disposed of all the criminal charges against the petitioner. On March 20, 1979, the petitioner pleaded guilty to one count of murder, four counts of sexual assault in the first degree, and one count of attempt to commit sexual assault in the first degree in exchange for a total effective sentence of eighteen years to life imprisonment. The court sentenced the petitioner in accordance with the plea agreement.

Thirty-one years later, in 2010, the petitioner filed a petition for a writ of habeas corpus alleging that in March, 1979, he suffered from paranoid schizophrenia that manifested as either violent aggression or obsequious pliability, and that his condition had been aggravated by the stress of having been found guilty of murder. The petitioner alleges that, as a result, he was incapable of expressing to his attorney his true desire to decline the plea offer and to proceed with a new trial.

Following a trial, the habeas court concluded that the petitioner failed to satisfy his burden of proving by a preponderance of the evidence that his due process rights had been violated. The court noted that the petitioner's evidence consisted of a summary of reports of mental health care professionals regarding the petitioner's mental condition; the summary had been compiled in 1978 by his trial counsel in preparation for an unsuccessful motion to suppress. The petitioner's trial counsel testified that he thoroughly advised the petitioner of his options, his right to pursue a jury trial, and of his recommendation that the petitioner accept the plea agreement. The petitioner testified at the habeas trial that, although he did not express a desire to reject the

plea agreement, he thought that his trial counsel should have noticed his reluctance to accept the plea agreement "in [his] eyes." The habeas court noted that although the plea occurred several days after the verdict and several weeks then passed before sentencing, "[n]ever once did the petitioner express dissatisfaction with the dispositions of the six charges against him. He waited thirty-one years to commence this habeas action, and, when he did file it, his pro se habeas petition failed to include the claim he now asserts." The amended petition, which was filed after the petitioner was represented by counsel, included the claim that he now asserts. The court denied relief and granted the petitioner's petition for certification to appeal. This appeal followed.

"A guilty plea . . . that is not both voluntary and knowing is in violation of due process and thus void. . . . For a guilty plea to be truly voluntary, the defendant must understand the law in relation to the facts. . . . Moreover, since a defendant waives several constitutional rights when he elects to plead guilty to a criminal offense, the choice of a guilty plea is of profound significance. . . . In pleading guilty, a defendant waives his privilege against compulsory self-incrimination, his right to trial by jury and his right to confront his accusers. . . . A guilty plea, therefore, is constitutionally valid only if the record affirmatively discloses that the plea was entered voluntarily and intelligently. . . . A guilty plea may satisfy constitutional requirements even in the absence of literal compliance with the prophylactic safeguards of Practice Book §§ [39-19 and 39-20], respectively. . . . A determination as to whether a plea has been knowingly and voluntarily entered entails an examination of all of the relevant circumstances." (Citations omitted; internal quotation marks omitted.) *Daniel* v. *Commissioner of Correction*, 57 Conn. App. 651, 655–56, 751 A.2d 398, cert. denied, 254 Conn. 918, 759 A.2d 1024 (2000).

"[W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record." (Internal quotation marks omitted.) *Perez* v. *Commissioner of Correction*, 80 Conn. App. 96, 99, 832 A.2d 1210, cert. denied, 266 Conn. 934, 837 A.2d 805 (2003).

The petitioner claims that the court erred when it concluded that he failed to establish that his right to due process was violated because of his disturbed mental state at the time of the plea, such that his plea was unknowing, unintelligent, and involuntary. We are not persuaded.

Only the petitioner and his trial counsel testified at the habeas trial. The only evidence presented by the petitioner regarding his mental state at the *time of the plea* was the petitioner's own testimony that he was

confused, did not want to take the plea offer, and was surprised that trial counsel could not "see the hesitation in my eyes." He further conceded that he did not indicate to the trial judge that he did not want to accept the plea agreement. His trial counsel's report filed in connection with an unsuccessful motion to suppress did not include information about the petitioner's mental state at the time of the plea. Trial counsel testified that the petitioner was fully aware of the plea bargain and that he agreed to accept it. The habeas court credited trial counsel's testimony. On the basis of a review of the record before us, we conclude that the court did not err in its conclusion that the petitioner had failed to prove his claim by a preponderance of the evidence.

The judgment is affirmed.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] The respondent, the Commissioner of Correction, alternatively argues that the petitioner's claim was procedurally defaulted. The respondent raised this issue in the return. The habeas court addressed the petitioner's claim on the merits and did not address expressly the issue of procedural default. See *Hall* v. *Commissioner of Correction*, 124 Conn. App. 778, 780 n.1, 6 A.3d 827 (2010) (addressing merits of appeal when habeas court did not address expressly issue of procedural default as raised in return), cert. denied, 299 Conn. 928, 12 A.3d 571 (2011).

————————————————