ANTHONY SMALL *v.* COMMISSIONER
OF CORRECTION
(AC 33759)

DiPentima, C. J., and Gruendel and Dupont, Js.

Argued May 20—officially released August 6, 2013

*Kenneth Paul Fox,* assigned counsel, for the appellant (petitioner).

*Susann E. Gill,* supervisory assistant state's attorney, with whom, on the brief, were *John C. Smriga,* state's attorney, and *Gerard P. Eisenman,* former senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Anthony Small, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly (1) denied certification to appeal from the denial of his petition for a writ of habeas corpus and (2) determined that it lacked subject matter jurisdiction to consider the merits of his petition. We disagree, and, accordingly, dismiss the petitioner's appeal.

The record reveals the following facts and procedural history. The petitioner was convicted of one count of the crime of capital felony in violation of General Statutes § 53a-54b (8), two counts of the crime of felony murder in violation of General Statutes § 53a-54c, and one count of the crime of conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-134 (a) (2) and 53a-48. Our Supreme Court vacated the petitioner's conviction of capital felony and instructed the trial court to resentence the petitioner. *State* v. *Small,* 242 Conn. 93, 99, 700 A.2d 617 (1997). In accordance with this directive, the court sentenced

the petitioner to forty-five years incarceration on both counts of felony murder, and five years incarceration on the count of conspiracy to commit robbery in the first degree. The court further ordered these sentences to be served concurrently. The petitioner filed his first petition for a writ of habeas corpus in February, 2000. The habeas court dismissed the petition, and that decision was affirmed by both this court and our Supreme Court. See *Small* v. *Commissioner of Correction*, 98 Conn. App. 389, 401, 909 A.2d 533 (2006), aff'd, 286 Conn. 707, 946 A.2d 1203, cert. denied sub nom. *Small* v. *Lantz*, 555 U.S. 975, 129 S. Ct. 481, 172 L. Ed. 2d 336 (2008).

The petitioner filed the present habeas action and, in a second amended petition, filed January 5, 2011, alleged ineffective assistance of counsel with respect to his criminal trial counsel, Attorney Lawrence Hopkins, his criminal appellate counsel, Attorney Lauren Weisfeld, his habeas trial counsel, Attorney David Bachman, and his habeas appellate counsel, Attorney Joseph Visone. On January 20, 2011, the respondent, the commissioner of correction, filed a return and raised the special defenses of procedural default and res judicata.

On January 28, 2011, the petitioner filed a third amended petition. In the first count, he alleged ineffective assistance by Hopkins and Weisfeld. In the second count, the petitioner alleged ineffective assistance by Bachman. In the third count, the petitioner claimed that Visone had provided ineffective assistance of counsel with respect to the prior habeas appeal. Specifically, the petitioner alleged that Visone should have argued that Hopkins provided deficient performance in failing to (1) object to instances of prosecutorial impropriety, (2) fully cross-examine certain witnesses, (3) challenge the trial court's lack of impartiality, (4) call certain witnesses, and (5) object to the state's use of perjured testimony.

The court held a hearing on July 25, 2011. During this proceeding, the petitioner's counsel expressly acknowledged that his claim contained in count three, went "specifically and only to the conspiracy count . . . ." After hearing argument, the court dismissed count one of the third amended petition on the basis of res judicata and Practice Book § 23-29 (3).[1] The court dismissed count two on the basis of procedural default. As to count three, the court determined that it lacked subject matter jurisdiction because the petitioner's counsel had specified that this claim related only to the conviction of conspiracy to commit robbery in the first degree, and the petitioner had completed his five year sentence prior to the filing of the present action. The court also denied the petition for certification to appeal from the denial of the petition for a writ of habeas corpus.

On appeal, the petitioner first argues, as he must, that the habeas court abused its discretion in denying his petition for certification to appeal from the denial of his petition for a writ of habeas corpus. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . A petitioner may establish an abuse of discretion by demonstrating that the issues are debatable among jurists of reason . . . [the] court could resolve the issues [in a different manner] . . . or . . . the questions are adequate to deserve encouragement to proceed further. . . . The required determination may be made on the basis of the record before the habeas court and applicable legal principles. . . .

[1] Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . .

"(3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition . . . ."

"In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria . . . adopted by this court for determining the propriety of the habeas court's denial of the petition for certification. Absent such a showing by the petitioner, the judgment of the habeas court must be affirmed." (Internal quotation marks omitted.) *Burgos-Torres* v. *Commissioner of Correction*, 142 Conn. App. 627, 630–31, 64 A.3d 1259 (2013).

We now set forth the substantive issue raised in the petitioner's appeal. The petitioner agrees that the habeas court properly dismissed counts one and two of the operative petition, but challenges the habeas court's dismissal of count three. Specifically, he contends that the process by which habeas counsel orally amended count three of the operative petition was improper. He further maintains that without such an amendment, the court's determination regarding the scope of count three and the corresponding lack of subject matter jurisdiction must be reversed.[2]

"Subject matter jurisdiction for adjudicating habeas petitions is conferred on the Superior Court by General Statutes § 52-466, which gives it the authority to hear those petitions that allege illegal confinement or deprivation of liberty. . . . We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary.

---

[2] The petitioner conceded in his brief that if count three pertained only to the conviction of conspiracy to commit robbery in the first degree, then the court properly dismissed count three for lack of subject matter jurisdiction.

. . . Moreover, [i]t is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction." (Citation omitted; internal quotation marks omitted.) *Fernandez* v. *Commissioner of Correction*, 139 Conn. App. 173, 177–78, 55 A.3d 588 (2012), cert. granted on other grounds, 307 Conn. 947, 60 A.3d 960 (2013); see also *Lebron* v. *Commissioner of Correction*, 274 Conn. 507, 529–30, 876 A.2d 1178 (2005); *Young* v. *Commissioner of Correction*, 104 Conn. App. 188, 191, 932 A.2d 467 (2007), cert. denied, 285 Conn. 907, 942 A.2d 416 (2008).

At the hearing, the petitioner's habeas counsel stated that the allegation of ineffective assistance of counsel set forth in count three of the operative petition applied only to the conviction of conspiracy to commit robbery in the first degree. We are not aware of any reason why the court could not consider this statement by counsel as an oral amendment to the petition. See, e.g., *Burton* v. *Stamford*, 115 Conn. App. 47, 59–60, 971 A.2d 739 (setting forth case law permitting oral amendment to pleadings in civil actions), cert. denied, 293 Conn. 912, 978 A.2d 1108 (2009); *Mitchell* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. 00215 (October 29, 1991) (habeas court permitted petitioner to orally amend petition that had failed to include allegation that there had been no deliberate bypass of appeal). The petitioner argues, without citation or analysis, that the habeas court should have canvassed him before it permitted the amendment to count three. This unsupported argument is unavailing.

The habeas court properly considered the statement of the habeas counsel as an oral amendment to the operative petition and properly limited count three to

the petitioner's conviction of conspiracy to commit robbery in the first degree. It is undisputed that the petitioner had completed his five year sentence on this count when the petition was filed. As a result, the habeas court properly determined that it lacked subject matter jurisdiction over count three. After reviewing the entire record and briefs, we conclude that the court did not abuse its discretion in denying certification to appeal from the denial of the petition for a writ of habeas corpus.

The appeal is dismissed.