CHARLES CAREY *v.* COMMISSIONER OF
CORRECTION
(AC 24655)

Schaller, West and Hennessy, Js.

---

Argued September 17—officially released November 23, 2004

*Kirstin B. Coffin*, special public defender, for the appellant (petitioner).

*Margaret Gaffney Radionovas*, senior assistant state's attorney, with whom, on the brief, were *Christopher L. Morano*, chief state's attorney, and *Angela R. Macchiarulo*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

HENNESSY, J. This is an appeal from the judgment denying a petition for a writ of habeas corpus filed by the petitioner, Charles Carey. On appeal, the petitioner claims that the habeas court improperly found that: (1) he received effective assistance of counsel and (2) his *Alford*[1] plea was made in a knowing, voluntary and intelligent manner.[2] We affirm the judgment of the habeas court.

The petitioner entered a guilty plea under the doctrine enunciated in *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), to the charge of

---

[1] *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 162 (1970).

[2] Although the petitioner claims that the court was required to find that his plea was made in a "knowing, intelligent and voluntary manner," our Supreme Court has found that the two elements "knowing" and "intelligent" are, in reality, the same element. As such, proof of one is necessarily proof of the other. See, e.g., *State* v. *Garvin*, 242 Conn. 296, 310, 699 A.2d 921 (1997).

sexual assault in the first degree in violation of General Statutes § 53a-70.[3] At sentencing, the petitioner moved to withdraw his guilty plea and requested that he be allowed to proceed to trial. The court denied the petitioner's motion and sentenced the petitioner to fifteen years incarceration, execution suspended after five and one-half years, and ten years of probation. The petitioner then filed a petition for a writ of habeas corpus, alleging that his plea was not given voluntarily, and that he was denied effective assistance of counsel. Following the habeas court's dismissal of his habeas petition, the petitioner filed a petition for certification to appeal to this court, which was granted. This appeal followed.

I

The petitioner first claims that he was denied his constitutional right to effective assistance of counsel guaranteed by the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the constitution of Connecticut. "The standard to be applied by habeas courts in determining whether an attorney effectively represented a criminal defendant is set forth in *Strickland* v. *Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In order for a criminal defendant to prevail on a constitutional claim of ineffective assistance of counsel, he must establish both (1) deficient performance, and (2) actual prejudice. . . . Thus, he must establish not only that his counsel's performance was deficient, but that as a result thereof he suffered actual prejudice, namely, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . .

---

[3] The factual basis for the violation of General Statutes § 53a-70 was set forth in the prosecutor's recitation of the factual basis for the plea: the petitioner, at his residence, forced the twenty-three year old female complainant to engage in vaginal sexual intercourse.

"[T]he petitioner must prove: (1) that his counsel's performance fell below the required standard of reasonable competence or competence displayed by lawyers with ordinary training and skill in the criminal law; and (2) that this lack of competence contributed so significantly to his conviction as to have deprived him of a fair trial." (Citation omitted; internal quotation marks omitted.) *Beasley* v. *Commissioner of Correction*, 47 Conn. App. 253, 261, 704 A.2d 807 (1997), cert. denied, 243 Conn. 967, 707 A.2d 1268 (1998).

The petitioner specifically claims that his counsel failed (1) to investigate relevant facts,[4] (2) to interview relevant witnesses and (3) to communicate with the petitioner.[5] As a result of these shortcomings, the petitioner claims that his decision to enter an *Alford* plea instead of going to trial was not made on an informed basis. We disagree.

On the basis of the evidence presented, the habeas court found that at the time of his arrest, the state provided the petitioner with a public defender, Christopher Cosgrove, who represented the petitioner for approximately five months. During that period, Cosgrove investigated the incident and had his investigator, Lou Panico, interview the victim and other witnesses.

---

[4] The petitioner claimed that he was afflicted with genital warts, which, if he had had sexual intercourse with the victim, would have been transmitted to her. He reasoned that if she, upon examination, was not infected with genital warts it would show that he did not have sexual intercourse with her. There was, however, no mention of this condition to the public defender's investigator. The petitioner's counsel, who consulted with a physician who informed him that a person who had sexual intercourse with a person afflicted with genital warts would not necessarily become infected, reasonably could have concluded that this issue would not have helped in the petitioner's overall defense.

[5] At his habeas trial, the petitioner also claimed that his counsel was ineffective because he failed to request an evidentiary hearing on the motion to withdraw his guilty plea. Because this issue was neither raised nor adequately briefed on appeal, we consider it abandoned. See *Annunziata* v. *Commissioner of Correction*, 74 Conn. App. 9, 13, 810 A.2d 287 (2002).

After five months, the petitioner was required to retain private counsel, A. Thomas Waterfall. The public defender's office gave Waterfall the petitioner's file, which included all statements and reports of the investigator. The petitioner testified that he had met with Waterfall on about ten occasions and that he was made aware of his potential exposure to incarceration after a trial because of his past criminal record, the nature of the sexual assault charge and an outstanding violation of probation. The habeas court further found that the plea agreement was based upon discussions between the prosecutor and Waterfall, the details of which were conveyed to the petitioner. After being advised of his exposure if he chose to proceed to trial, the petitioner agreed to accept the sentence offered by the prosecutor in order to avoid a longer sentence.

"We cannot, in a habeas corpus appeal, disturb underlying historical facts found by the habeas court unless they are clearly erroneous. . . . The habeas court judge, as trier of the facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Citation omitted.) *Beasley* v. *Commissioner of Correction*, supra, 47 Conn. App. 262. After a careful review of the record, we conclude that the habeas court properly concluded that the petitioner did not establish (1) that his counsel's performance fell below the standard of reasonable competence exhibited by lawyers with ordinary training and skill in criminal law and (2) that there was a reasonable probability that but for his counsel's performance the petitioner would not have pleaded guilty and would have insisted on going to trial. Accordingly, the petitioner's claim of ineffective assistance of counsel must fail.

## II

The petitioner next claims that the habeas court improperly determined that his guilty plea was know-

ingly and voluntarily given. Specifically, the petitioner argues that at the time of the plea he was under the influence of medication.[6] We disagree.

The following facts pertain to the claim that the petitioner's plea was involuntary. At the time of sentencing, the petitioner moved to withdraw his plea and requested that he be allowed to proceed to trial. He claimed that on the day he pleaded guilty, he had taken medication to alleviate pain in his leg and that the medication caused him to be confused. At the plea hearing, however, the petitioner stated that although he had taken pain medication, he was not under the influence of any drugs. He responded to the questioning of the court during the canvass that his plea was voluntary and knowing and that he was satisfied with the advice of his attorney. A court "may properly rely on . . . the responses of the [petitioner] at the time [he] responded to the trial court's plea canvass . . . ." (Internal quotation marks omitted.) *State* v. *Casado*, 42 Conn. App. 371, 377, 680 A.2d 981, cert. denied, 239 Conn. 920, 682 A.2d 1006 (1996). Additionally, there was no evidence that described the medication used or its effect on the petitioner. The petitioner's counsel also testified that he had a conversation with the petitioner before entering the courtroom for the plea proceeding during which he found the petitioner to be lucid. On the basis of the evidence presented at the habeas hearing, giving appropriate deference to the court's factual findings, we conclude that the habeas court properly found that

---

[6] The petitioner also claims that he was threatened. He states in his brief: "The petitioner also stated that he overheard a prosecutor make a threatening comment to his attorney." There is no further detail set forth. Although the habeas court did not address this matter in its memorandum of decision, the petitioner failed to move for an articulation. Because the petitioner failed to provide this court with an adequate record or argument, we consider this claim abandoned. See *Annunziata* v. *Commissioner of Correction*, supra, 74 Conn. App. 13.

the petitioner's plea was knowingly and voluntarily given.

The judgment is affirmed.

In this opinion the other judges concurred.