ANTHONY BOWDEN *v.* COMMISSIONER OF
CORRECTION
(AC 25761)

Schaller, Dranginis and Peters, Js.

Argued November 28, 2005—officially released January 24, 2006

*Elio C. Morgan,* special public defender, for the appellant (petitioner).

*Nancy L. Chupak,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Linda N. Howe,* senior assistant state's attorney, for the appellee (respondent).

*Opinion*

SCHALLER, J. The petitioner, Anthony Bowden, appeals following the denial by the habeas court of his petition for certification to appeal from the judgment denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly (1) determined that he had received the effective assistance of counsel and (2) concluded that he was not entitled to credit for time served in prison. We dismiss the petitioner's appeal.

The following facts and procedural history are relevant to our discussion. The petitioner was charged with

various criminal offenses under docket numbers CR96-0434939[1] and CR96-0435923.[2] Attorney Thomas Conroy represented the petitioner and successfully negotiated a plea agreement with the state. The petitioner pleaded guilty to two counts of larceny in the second degree. The state agreed to enter a nolle prosequi on the remaining charges. As a result of his plea agreement, the petitioner was to be sentenced to a period of eleven years incarceration. The petitioner's plea canvass was completed on February 4, 1998.

During the petitioner's sentencing, the court incorrectly informed him that the maximum sentence he could receive was thirty years imprisonment. The petitioner attempted to withdraw his pleas, and the court held a hearing on April 3, 1998.[3] At the conclusion of that hearing, the court denied the petitioner's motion to withdraw his pleas and sentenced him to eleven years of incarceration. After the petitioner appealed, we reversed the judgments of the trial court and remanded the case with direction to grant the motion to withdraw the guilty pleas. See *State* v. *Bowden*, 53 Conn. App. 243, 729 A.2d 795 (1999).

Following our remand, attorney Michael Moscowitz was appointed as a special public defender to represent

---

[1] Under that docket number, the petitioner was charged with two counts of robbery in the third degree in violation of General Statutes § 53a-136 (a), two counts of larceny in the second degree in violation of General Statutes § 53a-123 (a) (3), assault in the second degree of a victim sixty or older in violation of General Statutes § 53a-60b (a), assault in the third degree of a victim sixty or older in violation of General Statutes § 53a-61a (a) and larceny in the fourth degree in violation of General Statutes § 53a-125.

[2] Under that docket number, the petitioner was charged with robbery in the third degree in violation of General Statutes § 53a-136 (a), larceny in the second degree in violation of General Statutes § 53a-123 (a) (3), assault in the second degree of a victim sixty or older in violation of General Statutes § 53a-60b (a) and larceny in the fourth degree in violation of General Statutes § 53a-125.

[3] Specifically, the petitioner claimed, as the basis for his motion to withdraw his pleas, that Conroy had been ineffective. See Practice Book § 39-27 (4).

the petitioner. The state filed substitute informations charging the petitioner with three counts of robbery in the third degree and three counts of larceny in the second degree. The petitioner also was charged as a persistent serious felony offender in violation of General Statutes § 53a-40.

On the day that jury selection was to commence, the petitioner informed Moscowitz that he wanted to enter a plea in order to avoid going to trial and facing a lengthy prison sentence. At that point, the state was unwilling to place a limit on the sentence imposed, to make a recommendation as to the length of the sentence or to nolle any of the charges.

On April 25, 2000, the petitioner, pursuant to the *Alford* doctrine,[4] pleaded guilty to all of the counts and admitted to being a persistent serious felony offender. The court thoroughly canvassed the petitioner and determined that his pleas were made knowingly and voluntarily with the assistance of effective counsel. The court found the petitioner guilty and, on July 28, 2000, imposed a prison sentence of eleven years.

On June 17, 2003, through his habeas counsel, the petitioner filed a second amended petition for a writ of habeas corpus.[5] His single count complaint alleged that Moscowitz had been ineffective in assisting the petitioner following the remand from this court. Specifically, the petitioner claimed that Moscowitz had failed (1) to advise him of various potential defenses, (2) to conduct an adequate investigation, (3) to present exculpatory testimony, (4) to advise him of the plea agreement prior to sentencing and (5) to inform the sentencing court that he had agreed to a total effective sentence of five and one-half years, and not eleven

---

[4] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[5] The initial petition was filed on January 15, 2002.

years. In his prayer for relief, but not in a separate count, the petitioner requested that his convictions be vacated, and that he be returned to the trial court for further proceedings and that he "be released from custody and/or [that] his sentence [be modified to reflect] correct jail [time] credit . . . ."

A trial was held on March 24, 2004, during which the petitioner and Moscowitz testified. In a memorandum of decision filed on March 25, 2004, the court found that the petitioner had failed to meet his burden of proof and denied the petition. The decision focused on the claim of ineffective assistance of counsel and did not address the jail time credit issue that was mentioned in the prayer for relief. The court also denied the petition for certification to appeal from the denial of the petition for a writ of habeas corpus. This appeal followed.[6] Additional facts will be set forth as necessary.

As a preliminary matter, we identify the relevant legal principles and the applicable standard of review that guide our resolution of the petitioner's appeal. "In a habeas appeal, although this court cannot disturb the

---

[6] We note that the habeas court did not specifically address the jail time credit issue in its memorandum of decision. A judgment that disposes of only a portion of a complaint is not a final judgment. See *Russell* v. *Russell*, 91 Conn. App. 619, 628 n.8, 882 A.2d 98, cert. denied, 276 Conn. 924, 925, 888 A.2d 92 (2005). "[W]e are mindful that [t]he lack of [a] final judgment . . . implicates the subject matter jurisdiction of this court." (Internal quotation marks omitted.) *Matey* v. *Estate of Dember*, 85 Conn. App. 198, 203, 856 A.2d 511 (2004). We are satisfied, however, that in the present case, a final judgment exists and that we have subject matter jurisdiction over the present appeal. First, the court stated in its memorandum of decision that it denied the petition. In denying the petition, the court found in favor of the respondent commissioner of correction with respect to *all* of the issues raised. Second, the judgment file states that "[t]he court having heard the parties, finds the issues for the respondent" and that "it is adjudged that the petition for [a] writ of habeas corpus is denied." Cognizant that every presumption favoring jurisdiction should be indulged; *Raudat* v. *Leary*, 88 Conn. App. 44, 48, 868 A.2d 120 (2005); we conclude that the habeas court denied the entire petition. See id., 49. As such, a final judgment exists.

underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different. *White* v. *Commissioner of Correction*, [58 Conn. App. 169, 170, 752 A.2d 1159 (2000)], citing *Strickland* v. *Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) . . . ." (Internal quotation marks omitted.) *Faust* v. *Commissioner of Correction*, 85 Conn. App. 719, 721–22, 858 A.2d 853, cert. denied, 272 Conn. 909, 863 A.2d 701 (2004).

In the present case, the petitioner chose to plead guilty to the charged offenses, thereby forgoing a trial.

"For ineffectiveness claims resulting from guilty pleas, we apply the standard set forth in *Hill* v. *Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), which modified *Strickland*'s prejudice prong. . . .

"To satisfy the performance prong, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. . . . A petitioner who accepts counsel's advice to plead guilty has the burden of demonstrating on habeas appeal that the advice was not within the range of competence demanded of attorneys in criminal cases. . . . The range of competence demanded is reasonably competent, or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . Reasonably competent attorneys may advise their clients to plead guilty even if defenses may exist. . . . A reviewing court must view counsel's conduct with a strong presumption that it falls within the wide range of reasonable professional assistance and that a tactic that appears ineffective in hindsight may have been sound trial strategy at the time. . . .

"To satisfy the prejudice prong, the petitioner must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. . . . Reasonable probability does not require the petitioner to show that counsel's deficient conduct more likely than not altered the outcome in the case, but he must establish a probability sufficient to undermine confidence in the outcome. . . . A reviewing court can find against a petitioner on either ground, whichever is easier." (Citation omitted; internal quotation marks omitted.) *Williams* v. *Commissioner of Correction*, 90 Conn. App. 431, 434–35, 876 A.2d 1281 (2005). With the foregoing principles in mind, we now turn to the specifics of the petitioner's appeal.

I

The petitioner first claims that the court improperly determined that he had received the effective assistance of counsel. Specifically, he argues that the court improperly (1) found that Moscowitz was adequately prepared to represent the petitioner at trial, (2) found that Moscowitz had advised the petitioner regarding the terms of the plea and (3) concluded that the petitioner was not prejudiced by Moscowitz' allegedly deficient performance. After a careful review of the record and briefs, we conclude that the petitioner has not demonstrated that those issues are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further.

In the present case, the court expressly found that there was "nothing attributable to attorney Moscowitz that undermines the reliability of the conviction." Moscowitz testified that he was prepared to go to trial, and had discussed the weaknesses of the state's case with the petitioner. Various pretrial motions had been filed, and the police reports had been reviewed. Furthermore, after the petitioner elected to plead guilty, Moscowitz specifically informed him that it would be an open plea and that the sentence would be determined by the court. The petitioner, however, wanted to plead guilty to avoid being sentenced by Judge Fracasse, whom the petitioner feared would impose a heavy sentence. Of course, "[t]he habeas judge, as the trier of facts, is the sole arbiter of the credibility of the witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *Thompson* v. *Commissioner of Correction*, 91 Conn. App. 205, 219, 880 A.2d 965, cert. granted on other grounds, 276 Conn. 921, 888 A.2d 89 (2005).

The court further explained that the petitioner's claim that he thought he would receive a five and one-half

year sentence was not credible and that it was due to the competence of Moscowitz that the petitioner was able to receive the eleven year sentence rather than a longer term of incarceration. The record supports the court's statement that "the petitioner voluntarily entered into [the] plea bargain and was ably represented by [Moscowitz] who did a superb job in attempting to resolve all of the petitioner's legal difficulties." The court, therefore, did not abuse its discretion in denying certification to appeal from the denial of the petition for a writ of habeas corpus.

## II

The petitioner next claims that the court improperly concluded that he was not entitled to credit for time served in prison. Because the record is inadequate to permit appellate review, we decline to reach the merits of his claim.

At the outset, we note that it is not entirely clear whether that issue was before the court properly. The operative pleading, the second amended petition filed on June 17, 2003, consists of a single count. Although that count contains several allegations pertaining to an ineffective assistance of counsel claim, it fails to mention the issue of jail time credit. We note that Practice Book § 10-26 provides: "Where separate and distinct causes of action, as distinguished from separate and distinct claims for relief founded on the same cause of action or transaction, are joined, the statement of the second shall be prefaced by the words *Second Count*, and so on for the others; and the several paragraphs of each count shall be numbered separately beginning in each count with the number one." (Emphasis in original.) The operative petition in the present case fails to comply with that requirement.

In his prayer for relief, however, the petitioner requested, inter alia, that he "be released from custody

*and/or [that] his sentence [be modified to reflect] correct jail [time] credit . . . ."* (Emphasis added.) Furthermore, during Moscowitz' testimony, the jail time credit issue was raised and discussed briefly. There was, therefore, some scant evidence pertaining to the jail time issue. We are mindful that our jurisprudence requires that we interpret pleadings broadly. See *Lebron* v. *Commissioner of Correction*, 274 Conn. 507, 519–20, 876 A.2d 1178 (2005). We conclude that the jail time credit issue was, at least marginally, before the court.

It is clear that the memorandum of decision does not mention the jail time credit issue. It is also undisputed that the petitioner failed to request an articulation. See Practice Book § 66-5. Because the court's memorandum of decision is devoid of any findings or analysis on the issue, and because the petitioner did not seek an articulation, the record is inadequate and we cannot review his claim. See *King* v. *Commissioner of Correction*, 73 Conn. App. 600, 603, 808 A.2d 1166 (2002), cert. denied, 262 Conn. 931, 815 A.2d 133 (2003); see also *Carey* v. *Commissioner of Correction*, 86 Conn. App. 180, 185 n.6, 860 A.2d 776 (2004), cert. denied, 272 Conn. 915, 866 A.2d 1283 (2005).[7] Similarly, in *Adorno* v. *Commissioner of Correction*, 66 Conn. App. 179, 188 n.3, 783 A.2d 1202, cert. denied, 258 Conn. 943, 786 A.2d 428 (2001), we stated that "[t]he habeas court, however, did not discuss in detail those claims, some of which were not even mentioned in the petition for habeas corpus. In addition, the petitioner failed to file a motion for articulation. It is the appellant's burden to provide

---

[7] At oral argument before this court, in view of the lack of an adequate record to address the petitioner's claim regarding jail time credit, the panel inquired of counsel for the respondent commissioner of correction what remedy the petitioner may have. Counsel, in response to our inquiry, indicated that the petitioner, in order to obtain judicial review of the jail time credit issue, may have the remedy of filing an ineffective assistance of counsel claim against the attorney who failed to move for an articulation of the habeas court's decision.

an adequate record for review. Practice Book [§ 60-5] . . . . *It is, therefore, the responsibility of the appellant to move for an articulation or rectification of the record where* the trial court has failed to state the basis of a decision . . . to clarify the legal basis of a ruling . . . or *to ask the trial judge to rule on an overlooked matter.*" (Emphasis added; internal quotation marks omitted.) In the present case, the petitioner has failed to seek an articulation, resulting in an inadequate record, thus preventing appellate review of the merits of his claim.

The appeal is dismissed.

In this opinion the other judges concurred.