**STATE**

v.

**Miguel DUCALLY.**

No. 2005–34–C.A.

Supreme Court of Rhode Island.

April 11, 2006.

Virginia McGinn, Providence.

Paula Rosin, Providence.

**ORDER**

The defendant, Miguel Ducally (defendant), appeals from a Superior Court judgment of conviction of two counts of simple domestic assault. On appeal, the defendant argues that the trial justice erroneously excluded evidence and erred by denying his motion for a new trial. For the reasons set forth herein, we affirm the judgment of the Superior Court.

The complainant, Cheryl Johnson (complainant or Johnson), testified that on April 24, 2002, she engaged in a heated argument with defendant. The defendant commented that "he knew how to handle this" and he was "going to fix" her. According to Johnson, defendant held a silver gun and threatened her. The defendant chased Johnson around the kitchen table, and he struck her in the eye and behind her ear with the firearm. The next morning, the complainant reported the assault to the police.

Providence Police Detective Tara DaSilva (Det. DaSilva) took a statement and photographed Johnson's injury. Detective DaSilva also photographed an older injury on Johnson's arm that she suffered on April 15, 2002, when defendant bit her arm during another argument.

The defendant was charged with two counts of assault with a dangerous weapon and one count of simple domestic assault[1] based on the incidents that took place on April 15 and 24, 2002. On April 29, 2004, a jury trial commenced in which the state presented the testimony of a reluctant complainant. Johnson testified that she

---

1. Before trial, the state amended one of the charges of assault with a dangerous weapon to a charge of simple domestic assault.

After the state presented its case, the trial justice granted defendant's motion for judgment of acquittal with respect to the other charge of assault with a dangerous weapon based on the argument that there was no evidence the firearm was capable of being discharged as required by G.L.1956 § 11–47–2(3). However, the trial justice submitted to the jury the lesser-included offense of felony assault by use of a device similar in appearance to a firearm.

was angry when she went to the police station and that she did not wish to testify against defendant because she still loved him. In fact, the complainant was summoned to court by the state and appeared only because she feared that a warrant would issue for her arrest.

The defendant called his sister, Melissa Ducally (Ms. Ducally), to testify on his behalf. She said that she saw Johnson on April 24, 2002, and she had a black eye when she arrived at defendant's apartment. On cross-examination by the state, Ms. Ducally admitted that she had no independent recollection of when she saw Johnson with a black eye, and volunteered that Johnson had told her that the date of the incident was April 24, 2002. There was no objection to this testimony. On redirect examination, defendant attempted to question Ms. Ducally about a conversation she had with the complainant, but the state's hearsay objection was sustained.

The defendant was found guilty of two counts of simple domestic assault and acquitted of felony assault. The defendant's motion for a new trial was denied, and he was sentenced to serve one year at the Adult Correctional Institutions consecutive to the sentence he was serving,[2] and one year consecutive to those sentences for the second count of assault. The defendant also was ordered to participate in batterers' intervention, a mental health program, anger management, and substance abuse counseling. The defendant appealed.[3]

Before this Court, defendant argues that the trial justice erred by excluding testi-mony about Ms. Ducally's conversation with Johnson. The defendant also contends that the trial justice erroneously denied his motion for a new trial.

This Court reviews evidentiary rulings under an abuse of discretion standard. *State v. Garcia*, 883 A.2d 1131, 1135 (R.I. 2005). "We rarely disturb these rulings and do so only 'upon a clear showing of prejudicial abuse of discretion.'" *Id.* (quoting *State v. Oliviera*, 534 A.2d 867, 869 (R.I.1987)).

On cross-examination by the prosecution, Ms. Ducally volunteered that she had a conversation with Johnson, who reminded her of the date of the incident. On redirect examination, the defendant asked Ms. Ducally whether the complainant said anything else, but the prosecution's objection to that question was sustained. The defendant argues that this testimony should have been admitted pursuant to our holding in *State v. Burke*, 529 A.2d 621 (R.I.1987). In *Burke*, the Court held that the doctrine of curative admissibility *"permits* the trial justice to allow the introduction of answering inadmissible evidence pertaining to the same matter" when prior inadmissible evidence has been introduced. *Id.* at 631. (Emphasis added.) The Court held that this evidence may be allowed *at the discretion of the trial justice. Id.*

We disagree with defendant's contention that his case is "quite similar" to *Burke*. The question asked by the defense on redirect, ("Did she tell you anything else?") did not solicit "answering evidence" surrounding the date of the incident, but was a

---

**2.** At the time of trial, defendant was serving three consecutive eleven-month sentences for charges stemming from assaults on Johnson in 2003 and a conviction in 1998 for felony assault.

**3.** The defendant filed a notice of appeal on June 5, 2004; the judgment of conviction entered on December 13, 2004. An appeal filed "before entry of final judgment, may be treated as timely '[i]n the interests of justice and to avoid undue hardship.'" *State v. Sylvia*, 871 A.2d 954, 957 n. 2 (R.I.2005) (quoting *State v. Ibrahim*, 862 A.2d 787, 793 (R.I. 2004)). We deem it to be in the interests of justice to treat the instant appeal as timely.

broad inquiry not directly related to the earlier hearsay. Further, unlike the defendant in *Burke,* the state did not solicit inadmissible evidence. Rather, Ms. Ducally volunteered that, after she received a subpoena, Johnson supplied her with the date of the incident. Thus, the trial justice did not abuse her discretion in sustaining the objection.

The defendant also argues that this testimony should have been allowed under Rule 106 of the Rhode Island Rules of Evidence – the "rule of completeness." Rule 106 provides that "[w]hen *a writing or recorded statement* or part thereof is introduced by a party, an adverse party may require him or her at that time to introduce any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." (Emphasis added.) The Advisory Committee's Note to Rule 106 clearly states that "the rule is limited to writings and recorded statements and does not apply to conversation." In this case, however, there is no "writing or recorded statement;" instead we are dealing with broad questioning about an oral discussion. Thus, the rule of completeness is of no moment to the case before the Court.

The defendant further contends that the trial justice erroneously denied his motion for a new trial. According to defendant, there was sufficient evidence "to doubt" the victim's allegations. The defendant points to the fact that Johnson did not want to testify and appeared only because she was served with a subpoena. The defendant asserts that Johnson feared telling a different version of her story at trial and that she told no one else about the incident.

A trial justice's ruling on a new trial motion is entitled to great weight, *State v. Dame,* 560 A.2d 330, 332 (R.I.1989), and will be upheld if the trial justice articulat-ed an adequate rationale for granting or denying a motion for a new trial. *State v. Bleau,* 668 A.2d 642, 646 (R.I.1995). In doing so, the trial justice must pass on the weight and the credibility of the evidence and accept or reject conflicting testimony, using his or her independent judgment. *Id.*

In this case, the trial justice carefully evaluated the evidence and found that substantial evidence existed to support the verdict. Although Johnson admittedly was reluctant to testify, the trial justice noted that she recounted the assault, and at no point did she say that the accusation was untrue. Moreover, this evidence was corroborated by Det. DaSilva's testimony and the photographs of her black eye. Thus, we are satisfied that the trial justice neither overlooked nor misconceived material evidence and that she appropriately denied the motion for a new trial.

For the reasons stated herein, we affirm the judgment of the Superior Court.