## ARONNE BUILDING AND REMODELING, LLC *v.*
## CATHERINE A. KSIAZEK ET AL.
### (AC 28061)

Flynn, C. J., and Bishop and DiPentima, Js.

Submitted on briefs March 22—officially released May 29, 2007

*Nancy E. Martin* filed a brief for the appellant (plaintiff).

*Patrick W. Boatman* filed a brief for the appellees (defendants).

*Opinion*

PER CURIAM. In this action to foreclose a mechanic's lien, the plaintiff appeals from the judgment rendered in favor of the defendants. On appeal, the plaintiff claims that the court improperly (1) held that the plaintiff had waived its lien rights, (2) failed to find that the lien waiver executed by the plaintiff was void because it was induced by the defendants' wrongful conduct, (3) failed to hold that the defendants were equitably estopped from relying on the lien waiver executed by the plaintiff and (4) held that the plaintiff had no standing to foreclose on the mechanic's lien because it was not the party performing the work at issue. Although we agree with the plaintiff regarding the last claim, we disagree with the plaintiff's claims regarding the validity and enforceability of the lien waiver and, accordingly, affirm the judgment of the trial court.

The record reveals the following factual and procedural background. The plaintiff, Aronne Building & Remodeling, LLC, is an entity whose sole member is Michael Aronne, Jr. At all times relevant to this matter, the defendants, Catherine A. Ksiazek and Robert W. Ksiazek, were husband and wife and owners of property located at 173 East Cotton Hill Road in Portland. On or about October 30, 2003, Aronne and the defendants entered into a written contract calling for Aronne to construct a house for the defendants on their property for the stated cost of $184,000, inclusive of materials and labor. In conjunction with this building project, the defendants secured a construction mortgage with Fleet Bank (Fleet). Pursuant to the terms of their agreement with Fleet, the defendants were able to secure payments from Fleet to remit to Aronne as construction progressed, and, as Aronne received payments, he was obligated to execute a lien waiver for work performed and labor provided to the date of his receipt of any progress payment. As the work progressed, the parties agreed to deviations from the written contract that assigned to other contractors some of the work originally to be undertaken by Aronne. Additionally, at intervals during the construction, the defendants made payments to Aronne in the aggregate amount of $125,000, and, with each payment, Aronne executed a lien waiver for any work performed and labor provided to the date of remittance.

On or about July 28, 2004, Aronne gave the defendants a final bill in the amount of $32,720 in the name of "Aronne Building & Remodeling, LLC." On the following day, at a meeting between Aronne and Robert Ksiazek, Ksiazek gave Aronne a check for $18,000, and Aronne, in turn, provided Ksiazek with a lien waiver for labor and materials furnished in conjunction with the building project to and including July 29, 2004. Although Aronne's execution of the lien waiver and receipt of $18,000

on July 29 is not disputed, the parties provided conflicting testimony concerning their conversation on that date. Aronne claims that Robert Ksiazek said that Aronne would receive the balance of the $32,720 at a future date, and Robert Ksiazek testified that he told Aronne that Fleet would release the sum of only $18,000 for work performed and materials provided to July 29 and denied that he promised to pay Aronne any additional sums. Thereafter, on September 29, 2004, the plaintiff caused a certificate of mechanic's lien to be filed on the municipal land records, claiming the sum of $16,171.99 due from the defendants.

By complaint dated July 20, 2005, the plaintiff commenced this action to foreclose its mechanic's lien. In paragraph three of its complaint, the plaintiff alleged that it furnished materials and rendered services in the construction of a house for the defendants pursuant to its written contract with them. In response, the defendants admitted that allegation but denied that any remaining funds were due the plaintiff. Additionally, the defendants filed special defenses alleging, generally, that the plaintiff had been negligent in the performance of the contract. The plaintiff denied those allegations. The matter was tried to the court after which, on August 31, 2006, the court issued a memorandum of decision. The court held that the plaintiff could not recover because the contract was between Aronne and the defendants and not between the plaintiff limited liability company and the defendants. The court further found that the lien waiver executed by Aronne on July 29, 2004, was binding and effective, and, therefore, the lien filed by the plaintiff was improper. This appeal ensued.

The dispositive issue on appeal is whether the court correctly determined that Aronne had waived his right to file a mechanic's lien on the defendants' property and, if so, whether the court's judgment pursuant to

that waiver was proper.[1] Whether a party has waived a right to assert a mechanic's lien is a question of fact to be determined by the trial court. *Pero Building. Co. v. Smith*, 6 Conn. App. 180, 184, 504 A.2d 524 (1986). Accordingly, the court's determination in this regard will be upset only if the record demonstrates that it was clearly erroneous.

In this instance, the court received evidence that, in conjunction with his receipt of $18,000 on July 29, 2004, Aronne signed a one page document that provided, in pertinent part: "The undersigned in consideration of the sum of eighteen thousand ($18,000), the receipt whereof is hereby acknowledged, does hereby waive and release any and all liens, rights of liens or claim of whatsoever kind or character on said described building and premises, on account of any and all labor and materials, or both, furnished for or incorporated into said building and premises by the undersigned, up to and including July 29, 2004." Faced with this document, the court determined that Aronne had, in fact, waived his right to exert a lien on the defendants' property for any work or materials furnished to July 29, 2004.

Although Aronne does not dispute the clear import of the language of the waiver he signed, he claims, nevertheless, that he was induced into signing this agreement by the defendants' promise to pay him the

[1] The court also found that the plaintiff had no standing to impose a lien on the defendants' property because it was not a party to the construction contract. Although we need not reach this issue because we find no fault with the court's conclusions regarding the execution of the waiver, we note that, in the pleadings, the defendants admitted the limited liability company's allegations that it entered into a contract with them and that it performed certain services pursuant to the construction contract. The effect of such a judicial admission is to preclude the defendants from contesting that issue at trial. In short, the defendants' judicial admission is conclusive and dispensed with the need for the plaintiff to prove the allegation. See *Rudder v. Mamanasco Lake Park Assn., Inc.*, 93 Conn. App. 759, 769, 890 A.2d 645 (2006).

balance of funds he claimed at a later date. He asserts that, notwithstanding the language of the waiver, the court should not have held it enforceable because the evidence of the parties' dealings on July 29, 2004, makes it manifest that the waiver was intended to relate only to the partial payment made on that date and not to the additional sums claimed by the plaintiff. The defendants, in turn, dispute Aronne's rendition of their July 29, 2004 conversation. They claim that they made no such commitment to the plaintiff and that, to the contrary, they informed Aronne that they were unsatisfied with his work and that the sum of $18,000 was all Fleet was willing to release to them for Aronne's work and materials furnished to July 29, 2004. To the extent that the court was confronted with a disputed factual account of the parties' dealings, it was the trial court's function, and not this court's on appeal, to assess and weigh the parties' conflicting factual claims. On the record before us, we cannot say that the court improperly credited the defendants' version of the events of July 29, 2004, and failed to credit the plaintiff's contrary claims. Having found that the plaintiff waived his right to impose a lien on the defendants' property, the court properly rendered judgment in favor of the defendants.[2]

The judgment is affirmed.

[2] The plaintiff claims, as well, that the court improperly failed to find that Aronne had been induced into signing the waiver by the defendants' promises of future payment and that, on the basis of these representations, the defendants should be estopped from asserting the validity of the waiver. Although the plaintiff is accurate in its claim that the court did not make specific findings regarding these claims, the court is not obligated to make findings on every claim asserted by a party. See *Bowden* v. *Commissioner of Correction*, 93 Conn. App. 333, 342, 888 A.2d 1131, cert. denied, 277 Conn. 924, 895 A.2d 796 (2006). Neither party sought an articulation from the trial court regarding the issue of estoppel or the claim of misrepresentation. In the absence of an articulation, it is not the province of this court to fill in evidentiary blanks for the parties. Without an articulation from the court, we confront a record that discloses, simply, that the court found no ambiguity in the language of the lien waiver and held the plaintiff accountable for the document Aronne unquestionably signed.