******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

RYAN THOMPSON *v.* COMMISSIONER
OF CORRECTION
(AC 46971)

Seeley, Wilson and Prescott, Js.

*Syllabus*

The petitioner, who previously had been convicted of reckless manslaughter in the first degree with a firearm, appealed following the habeas court's granting in part of his petition for certification to appeal from the court's partial dismissal of his second petition for a writ of habeas corpus. *Held*:

This court dismissed the appeal for lack of subject matter jurisdiction, as the habeas court's partial dismissal of the habeas petition was not an appealable final judgment pursuant to *State* v. *Curcio* (191 Conn. 27).

Under *Curcio*, the dismissal of only a portion of the habeas petition was merely a step along the road to a final judgment on the entire habeas petition and would not result in the irreparable loss of the petitioner's appellate right to challenge the partial dismissal if he were not permitted an immediate appeal.

Furthermore, contrary to the petitioner's contention, he did not have a statutory (§ 52-470 (g)) right to appeal, as § 52-470 (g) creates only procedural appellate prerequisites and provides no express right to an interlocutory appeal from the partial dismissal of a habeas petition and the subsequent granting in part of a petition for certification to appeal.

Argued April 28—officially released June 12, 2025*

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Newson, J.*, dismissed the petition in part; thereafter, the court granted in part and denied in part the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed*.

*James E. Mortimer*, assigned counsel, for the appellant (petitioner).

---

* June 12, 2025, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

*Timothy J. Sugrue*, assistant state's attorney, with whom, on the brief, were *Anne F. Mahoney*, state's attorney, and *Angela R. Macchiarulo*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

PRESCOTT, J. The petitioner, Ryan Thompson, appeals from the judgment of the habeas court dismissing in part his petition for a writ of habeas corpus pursuant to General Statutes § 52-470 (d) and (e)[1] for failure to show good cause for the untimely filing of the petition.[2] On appeal, the petitioner raises several claims related to the habeas court's partial dismissal of his petition.[3]

---

[1] General Statutes § 52-470 provides in relevant part: "(d) In the case of a petition filed subsequent to a judgment on a prior petition challenging the same conviction, there shall be a rebuttable presumption that the filing of the subsequent petition has been delayed without good cause if such petition is filed after the later of the following: (1) Two years after the date on which the judgment in the prior petition is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review; (2) October 1, 2014; or (3) two years after the date on which the constitutional or statutory right asserted in the petition was initially recognized and made retroactive pursuant to a decision of the Supreme Court or Appellate Court of this state or the Supreme Court of the United States or by the enactment of any public or special act. . . .

"(e) In a case in which the rebuttable presumption of delay under subsection (c) or (d) of this section applies, the court, upon the request of the respondent, shall issue an order to show cause why the petition should be permitted to proceed. The petitioner or, if applicable, the petitioner's counsel, shall have a meaningful opportunity to investigate the basis for the delay and respond to the order. If, after such opportunity, the court finds that the petitioner has not demonstrated good cause for the delay, the court shall dismiss the petition. . . ."

[2] The habeas court granted in part and denied in part the petitioner's petition for certification to appeal. "It remains unsettled whether a habeas petitioner is limited in the claims he or she may pursue on appeal when a habeas court grants certification to appeal as to certain specific claims and denies certification to appeal as to others." (Internal quotation marks omitted.) *Hilton v. Commissioner of Correction*, 225 Conn. App. 309, 312 n.1, 315 A.3d 1135 (2024), cert. granted, 351 Conn. 916, 332 A.3d 293 (2025). We do not reach the issue of the propriety of the court's mixed certification order for the primary reason that we dismiss the appeal.

[3] In addition to claiming that the habeas court abused its discretion in denying in part his petition for certification to appeal; see footnote 2 of this

We do not reach the merits of these claims because the decision from which the petitioner appeals is not an appealable final judgment. Accordingly, we dismiss the appeal.

The procedural background underlying this appeal is as follows. In 2000, the petitioner was convicted, following a jury trial, "of reckless manslaughter in the first degree with a firearm in violation of General Statutes §§ 53a-55 (a) (3) and 53a-55a."[4] *State* v. *Thompson*, 69 Conn. App. 299, 302, 797 A.2d 539 (2002), rev'd, 266 Conn. 440, 832 A.2d 626 (2003). The petitioner was sentenced to a total effective term of twenty-five years of incarceration. Id., 303. On direct appeal, this court reversed the judgment of conviction and remanded the case for a new trial, concluding that there was prejudicial prosecutorial impropriety and that the trial court had improperly permitted a state police sergeant to testify as to the credibility of a key state's witness. Id., 303–18. Our Supreme Court reversed the judgment of this court and remanded the case to this court with direction to affirm the judgment of the trial court, concluding that the prosecutor's remarks were improper but did not deprive the petitioner of a fair trial and that the evidentiary ruling at issue constituted harmless error. See *State* v. *Thompson*, 266 Conn. 440, 443, 486, 832 A.2d 626 (2003).

In 2001, during the pendency of his direct appeal, the self-represented petitioner filed a petition for a writ of

opinion; the petitioner claims that the court (1) improperly dismissed in part his amended petition for a writ of habeas corpus despite the fact that it contained a claim of actual innocence, (2) misapplied the law when it dismissed his amended habeas petition in part, and (3) abused its discretion when it dismissed his amended habeas petition in part on the ground that he had failed to establish good cause for the filing delay.

[4] The jury found the petitioner not guilty of murder in violation of General Statutes § 53a-54a and intentional manslaughter in the first degree in violation of General Statutes § 53a-55a. See *State* v. *Thompson*, 69 Conn. App. 299, 302–303, 797 A.2d 539 (2002), rev'd, 266 Conn. 440, 832 A.2d 626 (2003).

habeas corpus alleging ineffective assistance of trial counsel and deprivation of his right to a trial by an impartial jury. See *Thompson* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-01-0811262-S (January 20, 2010). Following a trial on the merits, the habeas court, *Nazzaro, J.*, denied the habeas petition and the petitioner's petition for certification to appeal. See id. The petitioner then filed an appeal asserting that the habeas court had abused its discretion in denying his petition for certification to appeal. This court was not persuaded and, therefore, dismissed the petitioner's appeal, reasoning in part that the habeas court did not abuse its discretion in denying the petition for certification to appeal. See *Thompson* v. *Commissioner of Correction*, 131 Conn. App. 671, 701, 27 A.3d 86, cert. denied, 303 Conn. 902, 31 A.3d 1177 (2011).

On June 15, 2018, the self-represented petitioner filed a second petition for a writ of habeas corpus. On September 20, 2021, the respondent, the Commissioner of Correction, filed a request with the habeas court pursuant to § 52-470 (d) and (e) for an order directing the petitioner to appear and show good cause why his petition should be permitted to proceed when it was filed more than two years after the final appellate disposition of his prior petition.[5]

On October 12, 2021, the petitioner, represented by counsel, filed an amended petition for a writ of habeas corpus, alleging (1) actual innocence, (2) that his right to due process was violated by the state's failure to disclose exculpatory evidence in accordance with *Brady*,[6] (3) that his right to due process was violated by the state's failure to preserve material exculpatory evidence, (4) ineffective assistance of trial counsel, and

---

[5] See footnote 1 of this opinion.
[6] See *Brady* v. *Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

(5) ineffective assistance of prior habeas counsel. On February 28, 2022, the petitioner filed an objection to the respondent's motion for an order to show cause.

A hearing was conducted on the respondent's motion for an order to show cause on December 16, 2022, and the court, *Newson, J.*, ordered a further evidentiary hearing concerning the petitioner's involvement with the Connecticut Innocence Project. That hearing was conducted on April 21, 2023. Following these hearings, the habeas court determined, pursuant to § 52-470 (f), that the untimeliness provisions of that statute did not apply to the petitioner's claim of actual innocence.[7] Accordingly, the court denied the motion as to this claim. The court further concluded that the remainder of the amended habeas petition was untimely pursuant to § 52-470 (d) and that the petitioner had failed to demonstrate good cause to rebut successfully the statutory presumption of unreasonable delay. The court, therefore, granted the motion as to claims two through five of the amended habeas petition and dismissed those

---

[7] General Statutes § 52-470 (f) provides in relevant part that "[s]ubsections (b) to (e), inclusive, of this section shall not apply to (1) a claim asserting actual innocence. . . ."

In denying the respondent's motion for an order to show cause as to the petitioner's claim of actual innocence and dismissing the remaining claims, the court reasoned that "[i]t is unlikely the legislature intended a result where a court presented with an order to show cause would be prohibited from dismissing stale and untimely claims simply because they were in the same pleading as an actual innocence claim. Such a reading would result in the unreasonable outcome of [petitioners] being able to use [well pleaded] *claims* of actual innocence as a tactical prophylactic in every *petition* believed to be subject to challenge under § 52-470, effectively eliminating any legitimate challenge to untimely petitions by respondents. This would clearly be contrary to the intent of [No. 12-115, § 1, of the 2012 Public Acts, titled 'An Act Concerning Habeas Corpus Reform']." (Emphasis in original.) As noted previously, we do not reach the merits of the petitioner's claims, which include a challenge to the habeas court's statutory interpretation of § 52-470 as permitting a dismissal of the amended habeas petition except for the claim asserting actual innocence, because the court's decision was not an appealable final judgment.

claims pursuant to § 52-470 (e). The claim in the amended habeas petition alleging actual innocence remains pending, and the docket reflects that a trial is scheduled to begin on that claim on December 8, 2025. Subsequently, the habeas court denied in part and granted in part the petitioner's petition for certification to appeal.[8] This interlocutory appeal followed.

Prior to oral argument before this court, the respondent, pursuant to Practice Book § 66-8, filed a motion to dismiss the appeal for the lack of an appealable final judgment under *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). The respondent argued that there is not a final judgment because the habeas court has yet to resolve the final pending claim in the amended habeas petition. The petitioner filed an opposition, arguing that this court has jurisdiction over the present appeal pursuant to § 52-470 (g)[9] because the habeas court granted in part his petition for certification to appeal and, in the alternative, that an appealable final judgment exists under either or both prongs of *Curcio*.

On January 8, 2025, this court denied the respondent's motion to dismiss the appeal "without prejudice to the panel considering the merits of this appeal determining whether the appeal has been taken from a final judgment." Following our review of the parties' appellate briefs and the oral argument that transpired before this court, we deem it prudent to reconsider this jurisdictional question. See, e.g., *Village Mortgage Co.* v. *Veneziano*, 203 Conn. App. 154, 165, 247 A.3d 588 (2021).

___

[8] The habeas court granted the petition for certification to appeal as to the "issues related to the interpretation of § 52-470 (d) [through] (f) only" and denied that petition as to all other claims.

[9] General Statutes § 52-470 (g) provides in relevant part that "[n]o appeal from the judgment rendered in a habeas corpus proceeding . . . may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried . . . to certify that a question is involved in the decision which ought to be reviewed . . . ."

We begin our analysis of whether we have jurisdiction over this appeal by setting forth the standard of review and applicable legal principles. "The jurisdiction of the appellate courts is restricted to appeals from judgments that are final." (Internal quotation marks omitted.) *Liberty Mutual Ins. Co.* v. *Lone Star Industries, Inc.*, 290 Conn. 767, 793, 967 A.2d 1 (2009); see also General Statutes § 52-263 ("[i]f either party is aggrieved by the decision of the court . . . he may appeal to the court having jurisdiction from the final judgment of the court"); Practice Book § 61-1 ("[a]n aggrieved party may appeal from a final judgment, except as otherwise provided by law").

"The lack of a final judgment implicates the subject matter jurisdiction of an appellate court to hear an appeal. A determination regarding . . . subject matter jurisdiction is a question of law [over which we exercise plenary review]. . . . [T]here is no constitutional right to an appeal. . . . Unless a specific right to appeal otherwise has been provided by statute, [a reviewing court] must always determine the threshold question of whether the appeal is taken from a final judgment before considering the merits of the claim. . . . Further, we have recognized that limiting appeals to final judgments serves the important public policy of minimizing interference with and delay in the resolution of trial court proceedings. . . .

"Thus, [a]s a general rule, an interlocutory ruling may not be appealed pending the final disposition of a case. . . . In determining whether a judgment or a ruling is an immediately appealable final judgment, courts have routinely looked to a statute's text to see if the legislature has provided an express right to appeal. . . . In those instances that the legislature has not provided such an express right, our courts then continue to consider whether the right at issue implicates one of the two prongs set forth in *State* v. *Curcio*, supra, [191

Conn. 31].” (Citations omitted; internal quotation marks omitted.) *Smith* v. *Supple*, 346 Conn. 928, 936–38, 293 A.3d 851 (2023).

We first note that the decision from which the petitioner appeals was a partial judgment, which did not dispose of the entire amended habeas petition. In general, “[a] judgment that disposes of only a portion of a complaint is not a final judgment.” *Bowden* v. *Commissioner of Correction*, 93 Conn. App. 333, 337 n.6, 888 A.2d 1131, cert. denied, 277 Conn. 924, 895 A.2d 796 (2006); see also Practice Book § 61-3 (“[a] judgment disposing of only a part of a complaint, counterclaim or cross complaint is a final judgment if that judgment disposes of all causes of action in that complaint, counterclaim or cross complaint brought by or against a particular party or parties”).

The petitioner argued in his opposition to the respondent’s motion to dismiss the present appeal that, because the habeas court granted in part his petition for certification to appeal, which petition expressly sought appellate review of an interlocutory decision, § 52-470 (g) authorized appellate review of that interlocutory decision. The petitioner’s argument reflects a misinterpretation of both the statute and applicable case law.

We observe that the text of § 52-470 (g) provides the petitioner with no express right to an interlocutory appeal from the habeas court’s dismissal in part of his amended habeas petition and subsequent granting in part of his petition for certification to appeal. Rather, that statutory subsection, which provides in relevant part that “[n]o appeal from the judgment rendered in a habeas corpus proceeding . . . may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried . . . to certify that a question is involved in the decision which ought to be reviewed”; General Statutes § 52-470

(g); creates only procedural prerequisites for appeal, which do not establish an independent grant of appellate jurisdiction.

The petitioner's conflation of a habeas court's grant of certification to appeal with the question of whether an appealable final judgment exists improperly places the determination concerning the existence of appellate jurisdiction within the habeas court's discretion. Quite clearly, the determination regarding the existence of an appealable final judgment, in the absence of statutory authorization to appeal, lies within the province of the appellate courts. See, e.g., *Smith* v. *Supple*, supra, 346 Conn. 936–37 (lack of final judgment implicates subject matter jurisdiction of appellate courts to hear appeal and, unless specific right to appeal is provided by statute, reviewing court must determine threshold question of whether appeal is taken from final judgment before considering merits of claim).

In the absence of any clear statutory language providing the petitioner with a right to an interlocutory appeal, our consideration of whether there exists an appealable final judgment rests on whether either prong of the test articulated in *Curcio* is satisfied. "In both criminal and civil cases . . . [our Supreme Court has] determined certain interlocutory orders and rulings of the Superior Court to be final judgments for purposes of appeal. An otherwise interlocutory order is appealable in two circumstances: (1) [when] the order or action terminates a separate and distinct proceeding, or (2) [when] the order or action so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio*, supra, 191 Conn. 31.

We now turn to the first prong of *Curcio*, which "requires that the order being appealed from be severable from the central cause of action so that the main

action can proceed independent of the ancillary proceeding. . . . If the interlocutory ruling is merely a step along the road to final judgment then it does not satisfy the first prong of *Curcio*. . . . Obviously a ruling affecting the merits of the controversy would not pass the first part of the *Curcio* test. The fact, however, that the interlocutory ruling does not implicate the merits of the principal issue at the trial . . . does not necessarily render that ruling appealable. It must appear that the interlocutory ruling will not impact directly on any aspect of the [action]." (Citations omitted; internal quotation marks omitted.) *Hartford Accident & Indemnity Co.* v. *Ace American Reinsurance Co.*, 279 Conn. 220, 225–26, 901 A.2d 1164 (2006).

The petitioner argued in his opposition that the first prong of *Curcio* is satisfied because the present appeal does not address the merits of his amended habeas petition but, rather, relates only to his ability to proceed on claims two through five of that petition. Contrary to the petitioner's assertions, the habeas court's dismissal of several of the claims in his amended habeas petition did not terminate a "separate and distinct proceeding . . . ." *State* v. *Curcio*, supra, 191 Conn. 31. Rather, the court's decision simply narrowed the number of pending claims that would proceed to trial.

Although the present appeal relates to the petitioner's ability to proceed on claims two through five, all the claims in his amended habeas petition—including his actual innocence claim, which remains pending—collaterally attack his conviction of reckless manslaughter. Accordingly, even if the petitioner were to prevail on the merits in the present appeal, a trial would proceed on claims two through five in the same proceeding as the actual innocence claim.

Further, if the petitioner were successful in the habeas court on his claim of actual innocence, his

amended habeas petition would be granted and his conviction vacated. If, however, the habeas court denies the claim of actual innocence, then, at that juncture, all of the claims in his amended habeas petition would have reached resolution thereby resulting in a final judgment from which he then could file a petition for certification to appeal. This result is consistent with the policy of the appellate courts against piecemeal appeals. See, e.g., *Woodbury Knoll, LLC* v. *Shipman & Goodwin, LLP*, 305 Conn. 750, 760, 48 A.3d 16 (2012) (appellate final judgment rule is based partly on policy against piecemeal appeals and conservation of judicial resources). In sum, the court's dismissal of only a portion of the amended habeas petition is merely a step along the road to a final judgment on the entire amended habeas petition.

The second prong of *Curcio* "permits an appeal if the decision so concludes the rights of the parties that further proceedings cannot affect them. . . . That prong focuses on the nature of the right involved. It requires the parties seeking to appeal to establish that the trial court's order threatens the preservation of a right already secured to them and that that right will be irretrievably lost and the [parties] irreparably harmed unless they may immediately appeal. . . . One must make at least a colorable claim that some recognized statutory or constitutional right is at risk. . . . In other words, the [appellant] must do more than show that the trial court's decision threatens him with irreparable harm. The [appellant] must show that that decision threatens to abrogate a right that he or she *then* holds. . . . The right itself must exist independently of the order from which the appeal is taken."[10] (Emphasis in

[10] "[T]he second prong of *Curcio* boils down to whether, as a practical and policy matter, not allowing an immediate appeal will create irreparable harm insofar as allowing the litigation to proceed before the trial court will—in and of itself—function to deprive a party of that right. . . . Paradigmatic examples of such rights that require immediate vindication via an interlocutory appeal are double jeopardy violations resulting in successive

original; internal quotation marks omitted.) *Halladay* v. *Commissioner of Correction,* 340 Conn. 52, 62, 262 A.3d 823 (2021).

The petitioner argued in his opposition to the respondent's motion to dismiss the present appeal that his right to appeal from the dismissal of claims two through five would be lost if he is not allowed to immediately appeal from that dismissal. This assertion is incorrect. First, the petitioner fails to identify a statutory or constitutional right he presently holds that would be irreparably lost if he is not permitted to challenge now the dismissal of some of his habeas claims. His bald assertion that he will suffer irreparable harm as a result of the delay caused by the jurisdictional and procedural restrictions of our appellate process if he is not permitted to appeal immediately from the court's interlocutory decision is insufficient to satisfy the second prong of *Curcio*. See *Heyward* v. *Judicial Dept.*, 159 Conn. App. 794, 801, 124 A.3d 920 (2015) ("[A] bald assertion that [the appellant] will be irreparably harmed if appellate review is delayed until final adjudication . . . is insufficient to make an otherwise interlocutory order a final judgment. One must make at least a colorable claim that some recognized statutory or constitutional right is at risk." (Internal quotation marks omitted.)).

Second, and more significantly, the petitioner's right to challenge on appeal the habeas court's dismissal of claims two through five of his amended habeas petition will not be irreparably lost if he is not permitted an immediate appeal. It is true that, if the petitioner prevails in the habeas court on his claim of actual innocence and the judgment of conviction is vacated, any appellate claims regarding the court's dismissal of

prosecutions . . . and various immunities from suit." (Citations omitted; internal quotation marks omitted.) *Halladay* v. *Commissioner of Correction,* 340 Conn. 52, 62–63, 262 A.3d 823 (2021).

claims two through five of his amended habeas petition would be moot. See *State* v. *Ellis*, 224 Conn. 711, 722, 621 A.2d 250 (1993). If, however, the petitioner does not prevail on his claim of actual innocence, he may seek to appeal from the final judgment of the habeas court on the entirety of the amended habeas petition, thereby obtaining appellate review of the habeas court's dismissal of claims two through five.

For the foregoing reasons, the decision of the habeas court on the respondent's motion for an order to show cause does not satisfy either *Curcio* prong. Because the decision from which the petitioner appeals does not constitute an appealable final judgment, we dismiss his appeal for the lack of subject matter jurisdiction. See, e.g., *State* v. *Guild*, 214 Conn. App. 121, 127, 279 A.3d 222 (2022) ("[u]nless the [interlocutory] appeal is authorized under the *Curcio* criteria, absence of a final judgment is a jurisdictional defect that [necessarily] results in a dismissal of the appeal" (internal quotation marks omitted)).

The appeal is dismissed.

In this opinion the other judges concurred.